

All the propositions of law presented in this appeal are also presented in cause No. 9253. We do not deem it necessary to discuss each one of these propositions as here presented, as same are fully discussed in our opinion in cause No. 9253. For the reasons given in that opinion, all of appellant's propositions will be overruled.

The judgment is affirmed.

**Robert AMI v. STATE.**
No. 16759.

Court of Criminal Appeals of Texas.
March 14, 1934.

John L. Compton, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft is the offense; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**A. F. PARKER, Appellant, v. ARROYO-COL-ORADO NAVIGATION DISTRICT OF CAMERON AND WILLACY COUNTIES, TEXAS, et al., Appellees.**
No. 9252.

Court of Civil Appeals of Texas. San Antonio.
Feb. 14, 1934.

Rehearing Denied March 7, 1934.

Seabury, George & Taylor, of Brownsville, for appellant.

Greenwood & Lewis, of Harlingen, Dan Moody, of Austin, Templeton, Brooks, Napier & Brown, of San Antonio, and H. L. Yates, of Brownsville, for appellees.

MURRAY, Justice.

This suit is a companion case to cause No. 9253, styled A. F. Parker, Appellant, v. State of Texas et al., Appellees, 68 S.W.(2d) 637, this day decided by this Court.

In this case the Arroyo-Colorado navigation district of Cameron and Willacy counties was the plaintiff below, while in cause No. 9253, the state of Texas and Cameron county were the plaintiffs below.

**Robert AMI v. STATE.**
No. 16758.

Court of Criminal Appeals of Texas.
March 14, 1934.

John L. Compton, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

■

## C. C. BAKER v. STATE.
### No. 16574.

Court of Criminal Appeals of Texas.
March 28, 1934.

Earl R. Parker, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the violation of the law forbidding the practice of medicine without compliance with the statutory requirements prescribed by the Legislature in title 12, chapter 6, P. C. 1925; penalty assessed at a fine of $50 and confinement in the county jail for one day.

There is before us no statement of the facts heard in the trial court. Apparently the trial was had before the judge without a jury.

We find nothing in the motion for new trial which would warrant this court in interfering with the verdict.

The state of the record precludes any disposition of the case except to order an affirmance, which is accordingly done.

■

## Arthur BARKER v. STATE.
### No. 16614.

Court of Criminal Appeals of Texas.
March 21, 1934.

Floyd Harry, of Farmersville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

■

## Harry FRIEMEL and Ted Friemel v. STATE.
### No. 16823.

Court of Criminal Appeals of Texas.
March 28, 1934.

Lee P. Pierson, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellants, duly verified by their affidavits, the appeal is dismissed.

■

## D. E. HARRIS v. STATE.
### No. 16789.

Court of Criminal Appeals of Texas.
March 28, 1934.

Lockhart & Brown, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of equipment for the manufacture of in-